**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NUMBER:** |
| | : | |
| **v.** | : | **2:20-CR-230** |
| | : | |
| **ANTOINE DAVIS** | : | |

**MOTION FOR REVOCATION OF THE PRETRIAL DETENTION ORDER**

**TO THE HONORABLE R. BARCLAY SURRICK, U.S.D.J.:**

The defendant by his attorney Dennis Cogan moves now, pursuant to 18 U.S.C. § 3145(b), for a revocation of the pretrial detention order issued by United States Magistrate Judge Timothy Rice on October 30, 2020; in support of this Motion the defendant incorporates the accompanying Memorandum of Law.

Respectfully submitted,

Dennis Cogan
2000 Market Street
Suite 2803
Philadelphia, Pennsylvania 19103
(215) 545-2400
Attorney I.D. #: 09874
Attorney for Defendant
Antoine Davis

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NUMBER:** |
| | : | |
| **v.** | : | **2:20-CR-230** |
| | : | |
| **ANTOINE DAVIS** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR REVOCATION OF THE PRETRIAL DETENTION ORDER**

The defendant was recently indicted in the United States District Court for the Eastern District of Pennsylvania. He is charged with possession with intent to deliver more than five kilograms of powder cocaine and a firearm. This narcotics case did not involve a sale of drugs; rather, it is based on a theory of constructive possession with the intent to deliver those drugs. He is scheduled for trial on these charges on March 8, 2021.

This federal indictment superceded state court charges arising from the claim by the Commonwealth that police officers - for reasons not yet revealed to the defense - stopped a car driven by the defendant on July 14, 2020 at which time 22 kilograms of cocaine and a firearm were located and seized. Approximately $2.4 million dollars in U.S. Currency was found inside the car. None of these items were found to be on

the person of the defendant. During the search of his car Davis fled but was later apprehended on July 22, 2020.[1]

The defendant was held in state custody beginning on July 22, 2020 and on those charges the defendant's bail eventually was set at three million dollars. He was in the process of posting the required bail funds (10% of three million dollars) when on August 5, 2020 the federal government adopted this case.

A detention hearing before U.S. Magistrate Timothy Rice took place on October 30, 2020 with all parties participating remotely. Judge Rice granted the government's detention motion that day.

As the Court knows, an indictment charging a defendant with committing a crime proscribed by the Controlled Substances Act which carries a maximum penalty of ten years or more is sufficient to support a finding of probable cause triggering the rebuttable presumption against pretrial release on the ground that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of any other person in the community. 18 U.S.C.A. § 3142(e).

However, a defendant may rebut the presumption against pretrial release under the Bail Reform Act by producing some credible evidence that he will appear and will not pose a threat to the community. *Id.* We submit that the defendant can meet that

[1] No discovery has yet been provided.

burden. He is married, has five children and works at the Convention Center in Philadelphia. He is a member of the Laborers Union and a list of 74 members of the community who would vouch for the defendant was proffered at the hearing before Judge Rice.

The defendant's burden of production in rebutting the presumption against pretrial release under the Bail Reform Act is relatively light and has been construed as easy to meet. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). If a defendant rebuts the presumption, the burden of persuasion remains with the government. *United States v. Delker*, 757 F.2d 1390 (3rd Cir. 1985). The government, under these circumstances, then must prove that the defendant is a danger to the safety of another or the community generally by clear and convincing evidence. The government must prove that the defendant poses a risk of flight by a preponderance of the evidence. *Id. at 1399.* We submit that the government cannot credibly argue that the defendant is a present danger to the physical safety of anyone. Title 18 of section 3145(b) of the United States Code provides that a person who has been ordered to be detained pending trial by a magistrate judge may move for revocation or amendment of the detention order in the court with original jurisdiction over the matter. 18 U.S.C. § 3145(b). When a district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo*

and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Delker*, *supra* at 1394 (holding that the Bail Reform Act, 18 U.S.C. § 3145(b), *et seq*., contemplates *de novo* review by the district court of a magistrate's order for bail pending trial).

Defendant's counsel has not yet ever met with the defendant in person because of institutional restrictions that were first in place in the Philadelphia County prison where he was initially housed and now because of the mandatory quarantine at F.D.C. Philadelphia.

The present quarantine at F.D.C., where Davis is now imprisoned, was ordered by prison officials because of a new and severe COVID outbreak there among inmates and prison staffers. These disturbing developments are well known to the Court.

This current outbreak at F.D.C. Philadelphia is far more severe than earlier outbreaks of the virus that occurred in warmer weather. Medical experts, we are told, expect ever worsening conditions to infect more prisoners in the winter months ahead. This problem for prisoners and by extension lawyers charged with defending them is manifestly clear.[2]

[2] Despite a prior criminal conviction on drug and firearm charges arising from an arrest in 1997, the defendant has a history of strong ties to the community. He is married to Jereda Gullatt and he has five children. The names of 74 people

There does not appear to be any reasonable likelihood that the defendant will have the opportunity to meet and discuss his case and possible defenses with his counsel anytime soon and trial is fast approaching. These difficulties are only compounded by the absence of discovery yet to be provided by the government. We received notice today from the assigned prosecutor that discovery is being assembled and will likely be sent to us shortly.

The Bail Reform Act of 1984 that authorizes detention and imposes upon an accused a presumption against pretrial bail is a relic of a less technologically advanced time. We - the defense - can assure his presence at court proceedings through advanced modern electronic monitoring. Both audio and video surveillance of the defendant's movements 24 hours a day can be provided at the defendant's cost and will allow the defendant to meet with counsel in a safe environment and allows the defendant and counsel to prepare for trial.

Finally, the Bail Reform Act states in part that nothing in the statutory scheme "shall be construed as modifying or limiting the presumption of innocense". 18 U.S.C. § 3142(j). But it is clear that despite these statutory assurances a defendant held in custody during the present pandemic with the attendant distancing from his

---

who would vouch for the defendant were referenced by defendant's counsel at the initial detention hearing. He was until recently employed by the Pennsylvania Convention Center and is a member in good standing of the Laborer's Union.

lawyer that is a consequence of that pandemic does much to undercut this constitutional guarantee.

The reality of the crisis we are all confronting and its effect on prisoners who are presumed innocent is manifestly clear.

This is no ordinary time. The *New York Times* Editorial Board addressed the problem incisively in its Sunday Review article of yesterday, November 22, 2020. That article is titled "America is Letting the Coronavirus Rage Through Prisons". The *Times* opinion piece went on to note that the current circumstances in prisons in the United States constitute "both a moral failure and a public health failure".

We respectfully request a hearing and an opportunity to further advance our position before the Court in oral argument.

Respectfully submitted,

Dennis Cogan
2000 Market Street
Suite 2803
Philadelphia, Pennsylvania 19103
(215) 545-2400
Attorney I.D. #: 09874
Attorney for Defendant
Antoine Davis

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the within Motion for Revocation of the Pretrial Detention Order and accompanying Memorandum of Law have been electronically filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania and are available for viewing and downloading by the following:

Sean McDonnell, Esquire
Assistant U.S. Attorney
615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106

/s/ Dennis Cogan
Dennis Cogan
2000 Market Street, Suite 2803
Philadelphia, Pennsylvania 19103
215-545-2400
Attorney I.D. #: 09874
Attorney for Defendant
Antoine Davis

DATE: November 23, 2020