IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 20-230-1 |
| ANTOINE DAVIS | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                   **JANUARY 29, 2021**

Defendant Antoine Davis filed a Motion For Revocation Of The Pretrial Detention Order. (ECF No. 16.) The Government filed a response in opposition thereto. (ECF Nos. 18-19.) A virtual hearing on this Motion was held on January 21, 2021. At the conclusion of the hearing, the Motion was denied.

**I.     BACKGROUND**

Antoine Davis has been detained in federal custody since October 2020. (ECF Nos. 7, 9.) A grand jury indicted Davis for possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1), b(1)(a); knowingly possessing a loaded .45 caliber Ruger P345 handgun in furtherance of a drug trafficking offense in violation of 18 U.S.C. 924(c)(1); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) On October 30, 2020, after a hearing before Magistrate Judge Timothy R. Rice, the Government's motion for detention was granted and Davis was detained pending trial. (ECF No. 9.) Davis filed this Motion seeking revocation of the pretrial detention order based on the ongoing COVID-19 pandemic. (Def.'s Mot., ECF No. 16.) He requested home confinement with audio and video surveillance. (*Id.*) Davis waived his right to be present at the hearing on the Motion. (ECF No. 29.)

## II.     DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, "requires the pretrial release of defendants unless 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Soriano Nunez*, 928 F.3d 240, 244 (3d Cir. 2019) (quoting 18 U.S.C. § 3142(e)(1)).  Judge Rice determined that Davis should be detained pending trial.  Pursuant to 18 U.S.C. § 3145(b), a district court may review a magistrate judge's pretrial detention *de novo*. *See United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985).  Section 3142(i) allows a court to reexamine the detention decision "to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).  In the context of COVID-19, courts consider factors such as the specificity of the defendant's stated COVID-19 concerns.  Courts grant motions for release when there is a highly particularized risk of severe illness to the movant, not when the risk is generalized. *See United States v. Bolger*, No. 20-308-1, 2020 U.S. Dist. LEXIS 231841, at *13 (E.D. Pa. Dec. 9, 2020) (collecting cases).

The charges against Davis trigger a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if the court finds that there is probable cause to believe the defendant committed a firearms offense under 18 U.S.C. § 924(c). *See* 18 U.S.C. §§ 3142(e)(3)(B), (f)(1)(E).  An indictment "is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)." *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).  The Indictment charges Davis with knowingly possessing a loaded .45 caliber Ruger P345 handgun in furtherance of a drug trafficking crime in

violation of 18 U.S.C. 924(c)(1).  (ECF No. 1.)  The Indictment also charges Davis with an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act,18 U.S.C. §§ 3142(e)(3)(A), (f)(1)(C), and with offenses for which the maximum authorized penalty is life imprisonment,18 U.S.C. § 3142(f)(1)(B), both of which also raise the presumption for detention.  Davis does not contest that any one of these charges would be sufficient to trigger the presumption that he is a flight risk and a danger to the community.  Therefore, the burden shifts to Davis to rebut the presumption.  Davis argues that he is not a fight risk or a danger because of his family and professional ties to the community.

To rebut this presumption, a defendant must produce "some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986).  In determining whether a defendant has rebutted the presumption of pretrial detention, the court "take[s] into account the available information concerning" (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including whether he was on probation or pretrial release at the time of the offense; and (4) the nature of any danger he might pose.  18 U.S.C. § 3142(g).  The court's determination is "based on all the evidence and arguments adduced" and not on any one factor.  *United States v. Grimes*, No. 16-59, 2016 U.S. Dist. LEXIS 53301, at *7 (E.D. Pa. Apr. 21, 2016) (citation omitted).

Davis states that he has strong community ties as a married father of five and a gainfully employed member of a Laborers Union.[1]  (Jan. 21, 2021 Hr'g Tr. 8.)  This is not sufficient to

---

[1] Davis' Motion states that the 74 other members of his laborers' union would "vouch" for him.  (Def's Mot. at 4, ECF No. 16.)

rebut the presumption that he is a danger to the community and presents a flight risk. The relevant § 3142(g) factors clearly weigh in favor of pretrial detention here.

With regard to the nature and circumstances of the offense charged and the strength of the evidence, the charges against Davis are serious drug- and gun-related offenses. Davis faces up to life imprisonment if convicted. This provides a strong incentive for Davis to flee. Davis was found in possession of $5 million in cash over the course of eight days and fled from police twice. The first time he was stopped by law enforcement, his identification, 22 kilograms of cocaine, $2.4 million, and a loaded automatic handgun were found in the vehicle. Davis managed to flee on foot, avoiding apprehension for eight days. The second time Davis was stopped by law enforcement, state troopers found another $2.4 million, which was located in the area of the backseat where Davis had been sitting. At that time, Davis presented a fake name and birthdate and attempted to flee again before being apprehended by police.[2]

In addition, the Court must consider Davis' history and characteristics. Davis has a prior conviction for possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). *United States v. Davis*, Case No. 97-cr-104-1 (E.D. Pa.), at ECF No. 38. In that case, the late Honorable Lowell Reed sentenced Davis to 211 months' imprisonment and five years of supervised release. *Id.* at ECF No. 59. Davis completed the supervised release in 2012. *Id.* at ECF No. 114. Davis is prohibited from possessing or carrying firearms. *See* 18 U.S.C. § 922(g)(1). This factor also weights in favor of pretrial detention.

---

[2] These facts are taken from the Government's response brief and representations during the hearing. Davis does not dispute the Government's recitation of the facts. (Jan. 21, 2021 Hr'g Tr. 10-12 (on file with Court).)

Finally, considering the fourth factor, the nature of any danger Davis may pose. Davis' possession of a loaded firearm, his involvement in the drug trade, his recidivism, and his propensity to flee law enforcement establish that he is a clear danger to the community and a proven flight risk. No combination of factors, even Davis' proposed audio and video surveillance, would reasonably assure Davis' appearance in court and the safety of the community.

Davis also argued that he does not have meaningful access to counsel due to the COVID-19 pandemic. The Third Circuit has stated that "[t]he mere existence of COVID-19 in a society . . . cannot independently justify . . . release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Davis did not allege that he had any specific health issues or particularized risk of severe illness from COVID-19. The Government represents that the FDC has made efforts to facilitate phone calls with legal counsel, and Defense counsel has been able to visit and consult with Davis on at least one occasion to date, as he represented in the bail hearing. (*See* Gov't Resp. at 12 n.3, ECF No. 18; Jan. 21, 2021 Hr'g Tr. 6.) Davis' release is not necessary for the preparation of his defense and there is no other compelling reason to overturn the detention decision.

### III.   CONCLUSION

For these reasons and those expressed at the time of the hearing, Defendant's Motion for bail and to revoke his pretrial detention is denied. An appropriate Order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**